UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE STEMLINE THERAPEUTICS, INC.
SECURITIES LITIGATION

Master File No. 1:17-CV-00832-PAC

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all exhibits thereto, the "Stipulation"), dated as of March 11, 2019 which is entered into by and among (i) Plaintiffs (as defined herein), on behalf of themselves and on behalf of the Settlement Class (as defined herein), and (ii) Defendants (as defined herein), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully, finally, and forever release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (defined herein), subject to the approval of the United States District Court for the Southern District of New York (the "Court").

Throughout this Stipulation, all terms used with initial capitalization but not immediately defined shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A.      The Action

Beginning on February 6, 2017, four putative class action cases were filed on behalf of purchasers and acquirers of Stemline common stock, captioned *Hedlund v. Stemline Therapeutics,*

*Inc., et al.,* 17-cv-00832; *Braswell v. Stemline Therapeutics, Inc.*, 17-cv-00853; *Walsh v. Stemline Therapeutics, Inc.*, 17-cv-00940; and *Soileau v. Stemline Therapeutics, Inc.*, 17-cv-01003.

On April 25, 2017, Judge Paul A. Crotty consolidated the four putative class action cases into the Action (as defined herein), appointed Adam Ludlow, Daljit Singh, and Kenneth Walsh as Lead Plaintiffs, and appointed The Rosen Law Firm, P.A. and Pomerantz LLP as Lead Counsel (ECF No. 26).

On June 26, 2017, Lead Plaintiffs and Representative Plaintiff Marion Beeler filed the Amended Complaint (as defined herein).

On August 25, 2017, Defendants filed motions to dismiss the Amended Complaint (ECF Nos. 42-27).  On October 24, 2017, Plaintiffs filed an omnibus opposition to the motions to dismiss the Amended Complaint (ECF No. 52). On December 8, 2017, Defendants filed replies in further support of their motions to dismiss the Amended Complaint (ECF Nos. 56-57).

On March 15, 2018, the Court issued an opinion and order dismissing the Amended Complaint (ECF No. 58).

On April 11, 2018, Plaintiffs filed a notice of appeal from the Court's March 15, 2018 order (the "Appeal") to the U.S. Court of Appeals for the Second Circuit (the "Second Circuit") (ECF No. 59), styled *In re Stemline Therapeutics*, No. 18-1044.  On June 11, 2018, Plaintiffs filed their opening appellate brief (Dkt. #18-1044, Doc. 41).

**B.     The Settlement**

The Settling Parties attended a mediation session with Kathleen M. Scanlon, Chief Circuit Mediator, on June 7, 2018, and a follow up session on June 20, 2018.  The Settling Parties reached a settlement in principle on June 27, 2018.  On July 12, 2018, the Settling Parties filed a stipulation withdrawing the case pursuant to Local Rule 42.1, which was entered by the Second Circuit.  The

Settling Parties negotiated a term sheet broadly setting forth the terms of the Settlement, which was executed as of September 13, 2018.

This Stipulation memorializes the agreement between the Settling Parties to fully, finally, and forever settle the Action and release all Released Claims with prejudice in return for specified consideration.

### C.     The Defendants' Denial Of Wrongdoing And Liability

Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever that have or could have been asserted in the Action, which was dismissed by the Court for failure to state a claim as a matter of law.  Defendants have also denied and continue to deny the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were otherwise harmed by the conduct alleged in the Action.  Defendants continue to believe the claims asserted against them in the Action are wholly without merit and that the Action should not be certified as a class action for purposes of trial and adjudication of liability and damages.  Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, distraction to employees, and expense of further litigation and to put the Released Claims to rest fully, finally, and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting any admission by any of the Defendants with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability, or damages whatsoever.

73980847_7

### D. Claims of Plaintiffs and Benefits of Settlement

Plaintiffs assert that the claims in the Action have merit. They recognize and acknowledge, however, the uncertainties, burden, expense, and length of continued proceedings necessary to prosecute the Action against Defendants through appeal, and then if successful on appeal, through motions for class certification and summary judgment, trial and any further appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of litigation. In particular, Plaintiffs have considered the legal conclusions reached by the Court in granting the Defendants' motions to dismiss and the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the appeal, and, if remanded, on motion for summary judgment, motion for class certification, trial, and further appeals. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants, through their respective undersigned counsel, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be fully, finally, and forever compromised, settled and released, the Action shall be dismissed fully, finally, and forever with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

-4-

1.      **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.        "Action" means the putative consolidated class action captioned *In re Stemline Therapeutics, Inc. Securities Litigation,* Master File No. 17-cv-00832 (S.D.N.Y.), which is now the subject of the Appeal in the Second Circuit.

1.2.        "Additional Plaintiffs' Counsel" means Glancy Prongay & Murray LLP.

1.3.        "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the Summary Notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in ¶ 7.2) to the Authorized Claimants.  Such costs do not include legal fees.

1.4.        "Amended Complaint" means the Amended Class Action Complaint For Violation Of Federal Securities Laws, filed on June 26, 2017 by Plaintiffs and against Defendants (ECF No. 31).

1.5.        "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

1.6.        "Award to Plaintiffs" means the requested reimbursement to Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Plaintiffs' representation of the Settlement Class in the Action.

73980847_7

1.7.     "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

1.8.     "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.9.     "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise; injunctive relief; declaratory relief; rescission or rescissionary damages; interest; attorneys' fees; expert or consulting fees; costs; or expenses), accrued or unaccrued, known or unknown (including, without limitation, Unknown Claims (as defined herein)), arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.10.    "Claims Administrator" means Strategic Claims Services which shall administer the Settlement.

1.11.    "Defendants" means Stemline Therapeutics, Inc. ("Stemline"), Ron Bentsur, Ivan Bergstein, Eric L. Dobmeier, Alan Forman, David Gionco, Kenneth Zuerblis, and Jefferies LLC ("Jefferies").

1.12.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.13.     "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.14.     "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

1.15.     "Final" means when the last of the following with respect to the Final Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Final Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Final Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirtieth (30th) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next Business Day after such thirtieth (30th) day; and (iii) if a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ or request for judicial review that may be filed in connection with approval or disapproval of this Settlement, provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of

attorneys' fees and expenses or to the approval of payment of the Award to Plaintiffs, or to the Plan of Allocation, shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the releases in ¶ 6.1 hereof, or shall affect or delay the date on which the Final Judgment becomes Final.

      **1.16.**      "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B, or otherwise ordered by the Court.

      **1.17.**      "Lead Plaintiffs" means Adam Ludlow, Daljit Singh, and Kenneth Walsh, as identified in the opening paragraph of the Amended Complaint.

      **1.18.**      "Lead Counsel" means The Rosen Law Firm, P.A. and Pomerantz LLP.

      **1.19.**      "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be sent to Settlement Class Members materially in the form attached hereto as Exhibit A-1, or otherwise ordered by the Court.

      **1.20.**      "Opt-Outs" shall have the meaning set forth in ¶ 10.5 of this Stipulation.

      **1.21.**      "Person" means a natural person, individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity, as well as the spouses, heirs, predecessors, successors, representatives, and/or assigns of the foregoing.

1.22.     "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court.  Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Defendants and their Related Parties shall have no responsibility or liability with respect thereto.

1.23.     "Plaintiffs" means Lead Plaintiffs Adam Ludlow, Daljit Singh, Kenneth Walsh, and Representative Plaintiff Marion Beeler.

1.24.     "Plaintiffs' Counsel" means Lead Counsel and Additional Plaintiffs' Counsel.

1.25.     "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class materially in the form attached hereto as Exhibit A, or otherwise ordered by the Court.

1.26.     "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, materially in the form attached hereto as Exhibit A-2, or otherwise ordered by the Court.

1.27.     "Related Parties" means, with respect to a Released Party, such Released Party's present and former employees, officers, directors, successors, predecessors, assigns, heirs, executors, trustees, administrators, immediate family members, spouses, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, underwriters (including, for the avoidance of doubt, and without limitation, all underwriters of the SPO), investment advisors, consultants, principals, controlling shareholders, partners, members, managers, agents, joint ventures, direct and/or indirect parents, subsidiaries, divisions, affiliates, and/or administrators,  as well as any trust of which such Released Party is the settlor or that is for the benefit of such

Released Party and/or any member of such Released Party's immediate family, and/or any Person that is or was related to or affiliated with such Released Party or in which such Released Party has a controlling interest.

      **1.28.**      "Released Claims" means any or all of the Released Plaintiffs' Claims and the Released Defendants' Claims.

      **1.29.**      "Released Defendants' Claims" means any and all Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  The Released Defendants' Claims will not include (i) any Claims relating to the enforcement of the terms of the Stipulation; and (ii) any Claims against any Person who submits a request for exclusion that is accepted by the Court.

      **1.30.**      "Released Party" means any one of, and "Released Parties" means all of, the Persons receiving a release under this Stipulation.

      **1.31.**      "Released Plaintiffs' Claims" means any and all Claims that Plaintiffs or any Settlement Class Member (i) asserted in the Amended Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint and are based on, relate to, or arise out of the purchase, acquisition, holding, or sale or other disposition of Stemline common stock during the Settlement Class Period and/or pursuant to and/or traceable to the SPO.  The Released Plaintiffs' Claims will not include: (i) any Claims relating to the enforcement of the terms of the Stipulation; and (ii) any Claims of any Person who submits a request for exclusion that is accepted by the Court.

      **1.32.**      "Releasing Party" means any one of, and "Releasing Parties" means all of, the Persons providing a release under this Stipulation.

-10-

1.33.    "Representative Plaintiff" means Marion Beeler.

1.34.    "Settlement" means the settlement contemplated by this Stipulation.

1.35.    "Settlement Amount" means the sum of $680,000 (six-hundred eighty thousand U.S. dollars).

1.36.    "Settlement Class" means all Persons who purchased or otherwise acquired Stemline securities (i) during the Settlement Class Period and/or (ii) pursuant or traceable to the SPO, and were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, current and former officers and directors of Stemline or Jefferies, members of the Defendants' immediate families, as well as the Defendants' legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a majority ownership interest.  Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

1.37.    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.38.    "Settlement Class Period" means the period between January 20, 2017 and February 1, 2017, both dates inclusive.

1.39.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.40.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

73980847_7

**1.41.** "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely (i) Defendants and (ii) Plaintiffs (on behalf of themselves and the Settlement Class).

**1.42.** "SPO" means Stemline's secondary public offering of common stock on or about January 20, 2017.

**1.43.** "Summary Notice" means the notice to be published pursuant to the Preliminary Approval Order, materially in the form attached hereto as Exhibit A-3, or such other substantially similar form mutually agreed to by the Settling Parties or otherwise ordered by the Court.

**1.44.** "Unknown Claims" means and includes any and all Claims that a Releasing Party does not know or suspect to exist in the Releasing Party's favor at the time of the release of the Released Parties.  This includes claims which, if known by the Releasing Party might have affected the Releasing Party's settlement with and release of any Released Parties, or might have affected the Releasing Party's decision(s) with respect to the Settlement and the Released Claims, including the Releasing Party's decision to object or not to object to this Settlement.  The Settling Parties stipulate and agree that upon the Effective Date, they shall expressly waive, and each of the other Releasing Parties shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Any Releasing Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which the Releasing Party now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties expressly, fully, finally, and forever settle and release, and each of the other Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, settled and released, fully, finally, and forever, any and all Released Claims upon the Effective Date, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

2.      **The Settlement Consideration**

2.1.        In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Stemline or its insurer shall (subject to ¶ 10.8), within thirty (30) calendar days after receiving written notice that the Court has entered the Preliminary Approval Order, make a payment of the Settlement Amount by wire transfer or check, to the Escrow Account, provided that the Escrow Agent has provided Stemline's counsel with complete wire and transfer information and instructions and a completed Form W-9 at least three Business Days prior to the date of such payment.  For the sake of clarity, neither any other Defendant nor the Defendants' Related Parties shall be obligated to pay any amount pursuant to this Stipulation or otherwise in connection with the Settlement.

2.2.        Under no circumstances will Defendants or their insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any

Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs' Counsel, as Administrative Costs, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

3.      **Handling And Disbursement Of Funds By The Escrow Agent**

3.1.      No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)      As provided in ¶ 3.4 below;

(b)      As provided in ¶ 8.2 below;

(c)      As provided in ¶ 10.9 below, if applicable; and

(d)      To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2.      The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Defendants.  Defendants, their insurer, counsel, and the Defendants' other Related Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed

-14-

by the Escrow Agent.  The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3.     The Escrow Agent shall not disburse monies from the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants.

3.4.     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $125,000 (one-hundred twenty-five thousand U.S. dollars) from the Settlement Fund.

4.   **Taxes**

4.1.     The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Plaintiffs' Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Plaintiffs' Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel or their designee.  Plaintiffs' Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the

-15-

Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and, in all events, shall reflect that all Taxes (as defined below and including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

   **(b)**  All Taxes (as defined below, including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants, their counsel, their insurer, or the Defendants' other Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  Defendants, their counsel, their insurer, and the Defendants' other Related Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their insurer and the Defendants' other Related Parties shall have no

responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

5.      **Preliminary Approval Order, Notice Order, And Settlement Hearing**

5.1.      As soon as practicable after execution of this Stipulation, Plaintiffs' Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a Preliminary Approval Order, and approval for the mailing and dissemination of the Notice, Proof of Claim, and the Summary Notice. The mailed Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class.  The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members.  Defendants shall not object to, or have any responsibility for, Plaintiffs' Counsel's proposed Plan of Allocation.

5.2.      At the time of the submission described in ¶ 5.1 hereof, Lead Plaintiffs, through their counsel, shall request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter the Final Judgment, as promptly after the Settlement Hearing as possible.

6.      **Releases And Covenants Not To Sue**

6.1.      Upon the Effective Date, the Plaintiffs and the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether any such Releasing Party ever seeks or obtains by any means, including, without limitation, by submitting a Proof of

Claim, any disbursement from the Settlement Fund), shall be deemed to have, and by operation of the Final Judgment shall have (i) fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Defendants and the Defendants' Related Parties, (ii) covenanted not to sue the Defendants and the Defendants' Related Parties with respect to all such Released Plaintiffs' Claims, and (iii) been permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of the Released Plaintiffs' Claims, in any capacity, against any of the Defendants and the Defendants' Related Parties.

      **6.2.**      Upon the Effective Date, the Defendants, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them shall be deemed to have, and by operation of the Final Judgment shall have (i) fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Plaintiffs, the Settlement Class Members, and the Plaintiffs' and Settlement Class Members' Related Parties, (ii) covenanted not to sue the Plaintiffs, the Settlement Class Members, and the Plaintiffs' and Settlement Class Members' Related Parties with respect to all such Released Defendants' Claims, and (iii) been permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, in any capacity, against any of the Plaintiffs, the Settlement Class Members, and the Plaintiffs' and Settlement Class Members' Related Parties.

      **6.3.**      Nothing contained herein shall bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

7.    **Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

7.1.    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2.    The Settlement Fund shall be applied as follows:

**(a)**    To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

**(b)**    To pay Administrative Costs;

**(c)**    To pay Plaintiffs' Counsel attorneys' fees with interest and expenses and to pay the Award to Plaintiffs to the extent allowed by the Court; and

**(d)**    To distribute the balance of the Settlement Fund (that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof) (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

7.4.    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or their insurer.  Defendants, their counsel, their insurers and the Defendants' other Related Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund,

the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.     To assist in dissemination of notice, Stemline will make reasonable efforts to assist Plaintiffs' Counsel in obtaining information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians, that exists in Stemline's transfer records. The Settling Parties acknowledge that any information provided to Plaintiffs' Counsel by Stemline pursuant to this Paragraph shall be treated

as confidential and will be used by Plaintiffs' Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

7.7.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 (ten U.S. dollars) from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Plaintiffs' Counsel, with the approval of the Court.

## 8.    Plaintiffs' Counsel's Attorneys' Fees And Reimbursement Of Expenses

8.1.    Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Plaintiffs.   Defendants shall take no position with respect to the Fee and Expense Application(s).

8.2.    Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Plaintiffs' Counsel from the Settlement Fund within three (3) Business Days after the date the Court enters the Final Judgment and an order awarding

such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment.  In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Plaintiffs' Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the fee and expense award, including accrued interest at the same rate as is earned by the Settlement Fund.  Plaintiffs' Counsel agree that they and their law firms and their or their law firms' partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court.  Furthermore, without limitation, Plaintiffs' Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders, and may make appropriate findings of, or impose sanctions for, contempt against Plaintiffs' counsel or their law firms should they fail timely to repay fees and expenses pursuant to this paragraph.  Any Award to Plaintiffs shall not be paid from the Settlement Fund until after the Effective Date.

       **8.3.**       The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not

-22-

operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.     Any award of attorneys' fees and interest and/or expenses to Plaintiffs' Counsel or Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly.  No Defendant, their insurers, their counsel, or the Defendants' other Related Parties shall have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and interest, expenses or other awards to Plaintiffs beyond the obligation of Defendant Stemline to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above.  Other than as specifically set forth in ¶ 2.1 above, Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

9.     **Class Certification**

9.1.     In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification.  For purposes of this settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, and (ii) the appointment of Plaintiffs' Counsel as class counsel.

10.     **Conditions Of Settlement, Effect Of Disapproval, Cancellation Or Termination**

10.1.     Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his, her,

-23-

or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) Business Days of:

(i)      entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)     entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)    entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)    entry of a Court order refusing to dismiss the Action with prejudice;

(v)     entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; and/or

(vi)    failure on the part of any Settling Party to abide, in material respect, with the terms of this Stipulation. In the absence of any of the events enumerated in the preceding sentence, ¶ 10.2, or ¶ 10.5, no Settling Party shall have the right to terminate the Stipulation for any reason.

**10.2.**      If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants (other than in accordance with ¶ 10.1 or ¶ 10.5), shall have the right to (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the payment of the Settlement Amount into the Escrow Account; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**10.3.** The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

(a) Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.5;

(b) The Court has entered the Preliminary Approval Order;

(c) The Settlement Amount has been paid into the Escrow Account;

(d) The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

(e) The Final Judgment has become Final as defined in ¶ 1.15; and

(f) The Action has been dismissed with prejudice.

**10.4.** Upon the occurrence of the Effective Date, any and all interest or right of Defendants or their insurer in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5.** If, prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased or otherwise acquired Stemline securities (i) during the Settlement Class Period and/or (ii) pursuant or traceable to the SPO in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties (the "Supplemental Agreement"), then Defendants shall have, each in his, her or its sole and absolute discretion, the option to terminate this Stipulation and the Settlement in strict accordance with the requirements and procedures set forth in the

-25-

Supplemental Agreement.  The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, in which case such disclosure shall be carried out, to the fullest extent possible, in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Outs threshold.

      **10.6.**      In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to June 22, 2018, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and, in that event, all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

      **10.7.**      In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

      **10.8.**      In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to Stemline, or, at Stemline's direction, to its insurer, with accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Stemline.  At the request of Stemline, the Escrow Agent or its designee

shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Stemline pursuant to written direction from Stemline.

      **10.9.**      No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**11.**      **No Admission Of Liability Or Wrongdoing**

      **11.1.**      The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding, including, without limitation, the Released Claims.  This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in

evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation, the Supplemental Agreement, and/or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

## 12.    Public Communications

The Settling Parties, Plaintiffs' Counsel, and Defendants' counsel will not, at any time, make public statements (which includes press releases, communications to the press or other media, statements on the internet, speeches, or other communications in public fora) concerning the Settlement with the exceptions that (i) the Settling Parties shall have the right to disclose the Settlement to comply with their financial, legal, reporting, and securities obligations; (ii) the Settling Parties shall have the right to take actions to enforce the Settlement to the extent necessary; (iii) Defendants' counsel and Plaintiffs' Counsel shall have the right to communicate with their clients and their clients' Related Parties regarding the Action and the Settlement; (iv) Defendants shall have the right to communicate with their shareholders, current and/or potential investors, business partners, and Defendants' Related Parties regarding the Action and the Settlement, including, without limitation, through a press release or a public filing with the U.S. Securities &

Exchange Commission; and (v) Plaintiffs' Counsel shall have the right to communicate with Settlement Class Members regarding the Action and the Settlement.  The remedy for breach of this section shall include, but is not limited to, payment of all attorneys' fees and other expenses incurred in connection with its enforcement.

13.   **Miscellaneous Provisions**

13.1.   Except in the event of the filing of a Termination Notice pursuant to ¶¶ 10.1, 10.2, 10.3, 10.5 or 10.6 of this Stipulation or termination notice in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.  Such cooperation shall include, without limitation, taking such steps as are necessary to secure entry of an order by the Second Circuit dismissing the Appeal with prejudice and the issuance of a corresponding mandate pursuant to Federal Rule of Appellate Procedure 41.

13.2.   The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

13.3.   Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

13.4.   Plaintiffs and Plaintiffs' Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been

alleged against one or more Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

13.5.     This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements.  No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation.   In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

13.6.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

13.7.     This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

13.8.     The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

13.9.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

-30-

13.10.      This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document.  Copies of this Stipulation executed in counterpart shall constitute one agreement.

13.11.      This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

13.12.      The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

13.13.  The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

13.14.      Plaintiffs, Plaintiffs' Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Action against the Defendants and the Defendants' Related Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Defendants and the Defendants' Related Parties with respect only to any matter relating to the

-31-

subject matter of this Action, (c) they will not discuss publicly any matter related to this Action or the Settlement with anyone, except as specifically permitted under this Stipulation, and (d) they will, within 30 days from the Effective Date, destroy all documents and other materials in their possession, custody, or control concerning the Action, other than documents that have been publicly filed in the Action prior to the entry of Final Judgment, and confirm such destruction to Stemline's undersigned counsel in writing.

**13.15.** All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**13.16.** The Settling Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with this Action, the Settlement, the Stipulation or the Supplemental Agreement. The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, and/or the Private Securities Litigation Reform Act of 1995.

**13.17.** Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

13.18.      The waiver, express or implied, by any Settling Party of any breach or

default by any other Settling Party in the performance of such Settling Party of its obligations

under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether

prior, subsequent, or contemporaneous, under this Stipulation.

13.19.      The Settling Parties reserve the right, subject to the Court's approval,

to make any reasonable extensions of time that might be necessary to carry out any of the

provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their

undersigned counsel effective as of the date set forth below.

Dated: March 11, 2019

**THE ROSEN LAW FIRM, P.A.**                    **POMERANTZ LLP**

Jacob A. Goldberg                               Jeremy A. Lieberman
Leah Heifetz-Li                                 Austin P. Van
101 Greenwood Avenue, Suite 440                 600 Third Avenue, 20th Floor
Jenkintown, PA 19046                            New York, NY 10016
(215) 600-2817 Ext. 501                         (212) 661-1100
jgoldberg@rosenlegal.com                        jalieberman@pomlaw.com
lheifetz@rosenlegal.com                         avan@pomlaw.com

*Co-Counsel for Lead Plaintiffs*

13.18.   The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

13.19.   The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: March 11, 2019

**THE ROSEN LAW FIRM, P.A.**

_____
Jacob A. Goldberg
Leah Heifetz-Li
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
(215) 600-2817 Ext. 501
jgoldberg@rosenlegal.com
lheifetz@rosenlegal.com

*Co-Counsel for Lead Plaintiffs*

**POMERANTZ LLP**

_____
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

73980847_7

**ROPES & GRAY LLP**

Gregg L. Weiner
Adam M. Harris
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
gregg.weiner@ropesgray.com
adam.harris@ropesgray.com

*Counsel for Stemline Therapeutics Inc., Ron Bentsur, Ivan Bergstein, Eric L. Dobmeier, Alan
Forman, David Gionco, and Kenneth Zuerblis*


**SHEARMAN & STERLING LLP**


Adam S. Hakki
Jeffrey D. Hoschander
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000
adam.hakki@shearman.com
jeff.hoschander@shearman.com

*Counsel for Jefferies LLC*

-34-

73980847_7

**ROPES & GRAY LLP**

_____

Gregg L. Weiner
Adam M. Harris
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
gregg.weiner@ropesgray.com
adam.harris@ropesgray.com

_Counsel for Stemline Therapeutics Inc., Ron Bentsur, Ivan Bergstein, Eric L. Dobmeier, Alan Forman, David Gionco, and Kenneth Zuerblis_


**SHEARMAN & STERLING LLP**

_____

Adam S. Hakki
Jeffrey D. Hoschander
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000
adam.hakki@shearman.com
jeff.hoschander@shearman.com

_Counsel for Jefferies LLC_

73980847_7