EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE STEMLINE THERAPEUTICS, INC.
SECURITIES LITIGATION

Master File No. 1:17-CV-00832-PAC

## ~~[PROPOSED]~~ ORDER GRANTING LEAD PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/19

EXHIBIT A

WHEREAS, Lead Plaintiffs Adam Ludlow, Daljit Singh, and Kenneth Walsh and Representative Plaintiff Marion Beeler (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Stemline Therapeutics, Inc. ("Stemline" or the "Company"), Ivan Bergstein, Ron Bentsur, Eric L. Dobmeier, Alan Forman, David Gionco, Kenneth Zuerblis, and Jefferies LLC ("Jefferies") (collectively, "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated March 11, 2019 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action entitled *In re Stemline Therapeutics, Inc. Securities Litigation,* Master File No. 17-cv-00832 (S.D.N.Y.), which was previously dismissed by the Court and which dismissal is the subject of an appeal to the U.S. Court of Appeals for the Second Circuit (the "Second Circuit") (ECF No. 59), styled *In re Stemline Therapeutics,* No. 18-1044 (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 13th day of June, 2019, that:

1.    Capitalized terms used herein have the meanings defined in the Stipulation.

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Stemline securities (i) during the Settlement Class Period and/or (ii) pursuant or traceable to the SPO, and were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, current and former officers and

directors of Stemline or Jefferies, members of the Defendants' immediate families, as well as the Defendants' legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a majority ownership interest. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with this Order.

3.      This Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.      the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.     the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

    iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

    iv.    the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Plaintiffs' Lead Counsel, previously selected by Plaintiffs and appointed by the Court, are hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5.    The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6.    The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on September 23, 2019 at 11:00 a.m. for the following purposes:

    (a)    to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

    (b)    to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine finally whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the releases by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Class Counsel for an award of attorneys' fees with interest and expenses and an award to the Class Representatives;

(f)     to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court further reserves the right to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind, and to enter its Final Judgment approving the Settlement and dismissing the Action, on

the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court approves the form, substance, and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim and Release Form, all of which are exhibits to the Stipulation.

9.     Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by, or that may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11.     Class Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim and Release Form, substantially in the forms annexed to the Stipulation, to be mailed, by first class mail, postage prepaid, within sixteen (16) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

12.     The Court approves the parties' choice of Strategic Claims Services as the Escrow Agent. All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court.

13.     Stemline shall make reasonable efforts to assist Class Counsel in obtaining information concerning the identity of Settlement Class Members, including any names and

addresses of Settlement Class Members and nominees or custodians that exist in the Company's transfer records, no later than seven (7) calendar days after entry of this Order. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

14.     Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Stemline common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request additional copies of the Notice and Proof of Claim and Release Form sufficient to send the Notice and Proof of Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim and Release Form to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to a maximum of $.10 per name and address provided to the Claims Administrator or up to a maximum of $0.70 per mailing if nominees or custodians

EXHIBIT A

elect to send the Notice and Proof of Claim and Release Form to their beneficial owners, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15.     Class Counsel shall, by September 16, 2019 (at least seven (7) calendar days before the Settlement Hearing), serve upon counsel for Defendants and file with the Court proof of the mailing of the Notice and Proof of Claim and Release Form as required by this Order.

16.     Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

17.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen (16) calendar days after the entry of this Order. Class Counsel shall, by September 16, 2019 (at least seven (7) calendar days before the Settlement Hearing), serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

18.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), and Section 27(a)(7) of the Securities Act, 15 U.S.C. § 77z-1(a)(7), each as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the

contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than October 23, 2019 (thirty (30) calendar days after the Settlement Hearing). Such deadline may be further extended by order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release

8

EXHIBIT A

Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

      (c)    Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

      (d)    As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all Released Plaintiffs' Claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in

9

connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

20.    All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Judgment, if entered.

21.    Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than September 2, 2019 (twenty-one (21) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re Stemline Therapeutics, Inc. Securities Litigation,* Master File No. 17-cv-00832 (S.D.N.Y.)" and (B) state the date, number of shares, and dollar amount of each Stemline securities purchase or acquisition during the Settlement Class Period and/or pursuant or traceable to the SPO, and any sale transactions as well as the number of shares of Stemline securities held by the Person as of January 20, 2017 through February 1, 2017.  In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Stemline securities during the Settlement Class Period and/or pursuant or traceable to the SPO;

and (ii) demonstrating the Person's status as a beneficial owner of the Stemline securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline).

23.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

24.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel by September 2, 2019, at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

EXHIBIT A

<u>CO-LEAD COUNSEL:</u>

THE ROSEN LAW FIRM, P.A.
Jacob A. Goldberg
Laurence M. Rosen
Leah Heifetz-Li
275 Madison Avenue, 34th Floor
New York, New York 10016

<u>COUNSEL FOR DEFENDANTS:</u>

ROPES & GRAY LLP
Gregg L. Weiner
1211 Avenue of the Americas
New York, New York 10036

SHEARMAN & STERLING LLP
Adam S. Hakki
599 Lexington Avenue
New York, New York 10022-6069

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date)

filed said objections, papers and briefs, showing due proof of service upon counsel identified

above, with the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl

Street, New York, New York 10007. To be valid, any such objection must contain the Settlement

Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of

Stemline securities during the Settlement Class Period and/or pursuant or traceable to the SPO in

order to show membership in the Settlement Class; (3) all grounds for the objection, including

any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the

name, address, and telephone number of all counsel who represent the Settlement Class Member,

including former or current counsel who may be entitled to compensation in connection with the

objection; and (5) the number of times the Settlement Class Member and/or his, her, or its

counsel has filed an objection to a class action settlement in the last five years, the nature of each

such objection in each case, the jurisdiction in each case, and the name of the issuer of the

security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

27.    The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

28.    All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than August 26, 2019 (twenty-eight (28) calendar days before the Settlement Hearing).

29.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than September 16, 2019 (seven (7) calendar days prior to the Settlement Hearing).

30.     Defendants, their counsel, their insurers and other Related Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

32.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

33.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any of their Related Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class

EXHIBIT A

Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

34.    In the event the Settlement is terminated in accordance with the terms of the Stipulation, then this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to June 22, 2018, pursuant to the terms of the Stipulation.

35.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: _____6/13____, 2019

_____
HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

15