fUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STEMLINE THERAPEUTICS, INC. SECURITIES LITIGATION | Master File No. 1-17-CV-00832-PAC |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR
DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

**I.     INTRODUCTION**

This action has been settled pursuant to the terms of the Stipulation and Agreement of Settlement filed with the Court on March 12, 2019 (the "Stipulation") (Dkt. No. 67). Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

On June 14, 2019, the Court entered the Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 72). On September 23, 2019, the Court entered the Order and Final Judgment (Dkt. No. 80).

The court-appointed Claims Administrator, Strategic Claims Services ("SCS") advised Lead Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Sarah Evans Concerning the Results of the Claims Administration Process ("Evans Declaration") at ¶¶4-7. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel therefore request that the Court authorize the distribution of the Net Settlement Fund to

Authorized Claimants, as identified in Exhibits B-1 and B-2 to the concurrently-filed Evans Declaration.

II.     **DETERMINATION OF AUTHORIZED CLAIMS**

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit Proofs of Claim and Release Forms ("Claim Forms") postmarked no later than October 23, 2019 (Dkt. No. 72 at ¶19(a)). The Claims Administrator continued processing all claims received up to November 15, 2019. Evans Declaration ¶4. As a result of an effective notice program, through November 15, 2019, SCS has received 555 Claim Forms. *Id.* SCS reviewed all 555 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.*

A.     **Valid and Properly-Documented Claims**

SCS analyzed the 555 Claim Forms received through November 15, 2019, and determined that 128 valid and properly-documented claims were received. Of these 128 claims, 127 were timely (i.e. postmarked no later than October 23, 2019) ("Timely Valid Claims") and 1 was postmarked after October 23, 2019 but received on or before November 15, 2019 ("Late Valid Claims"). Evans Declaration ¶5(a). These valid claims represented Recognized Losses of $12,719,240.58, including Recognized Losses for Timely Valid Claims of $12,714,404.58 and Recognized Losses for Late Valid Claims of $4,836.00.

Lead Plaintiffs request that the Court accept all 128 valid claims, including the 127 Timely Valid Claims and the 1 Late Valid Claim. The Late Valid Claim has not caused significant delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant, and Lead Plaintiffs believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the October 23, 2019 submission deadline, but while claims were still being processed. *See In re*

*"Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Secs. Litig.*, No. 05 Civ. 5323 (LTS), 2013 U.S. Dist. LEXIS 11815, at *3 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowed late claim on "finite pool of assets").

Accordingly, Lead Plaintiffs respectfully request that the Court approve the 128 properly documented claims as listed in Exhibits B-1 and B-2 to the Evans Declaration.

**B.     Deficient and Ineligible Claims**

**1.   Inadequately Documented Claims**

SCS initially identified 22 inadequately documented claims. Evans Declaration ¶5(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id.,* Ex. C. Of the 22 claims initially identified as deficient, 8 have been successfully cured and are now considered valid. *Id.* The remaining 14 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.,* Ex D. These claimants were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.* To date, none of the 14 rejected claimants have objected to or contested SCS's determination. *Id.*

### 2. Claims Rejected for Reasons Other Than Inadequate Documentation

SCS has identified 413 claims that it recommends for complete rejection. Evans Declaration ¶5(c), Ex. E. The reasons for rejection included: (i) claims with shares purchased outside of Settlement Class Period; (ii) claims with no Recognized Losses; (iii) claims with shares sold short; (iv) duplicate claims filed; and (v) claims with shares that were received or transferred into an account, but not purchased. *Id*. ¶5(c). Such claimants were sent rejection notices advising them of SCS's determination. *Id.,* Ex. F. To date, none of the ineligible claimants has contested their rejection. *Id.*

### III. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.1 of the Stipulation, "Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants." Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 128 claims have been accepted as set forth in Exhibits B-1 and B-2 of the Evans Declaration, in proportion to their Recognized Losses as shown therein.

According to the Stipulation, "If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for

such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a nonsectarian charity or any not-for-profit successor of it chosen by Plaintiffs' Counsel, with the approval of the Court." Stipulation ¶7.7.

## IV. CONCLUSION

Based on the foregoing, Lead Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Unopposed Motion for Distribution of Class Action Settlement Funds submitted herewith.

Dated:  January 13, 2020                                   Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Phillip Kim*
Laurence M. Rosen
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone:  (212) 686-1060
Fax:  (212) 202-3827
Email:  lrosen@rosenlegal.com
pkim@rosenlegal.com

and

Jacob A. Goldberg
Leah Heifetz-Li
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046
Telephone:  215-600-2817
Fax:  212-202-3827
Email:  jgoldberg@rosenlegal.com
lheifetz@rosenlegal.com

**POMERANTZ LLP**

/s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
avan@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160
info@glancylaw.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jacob A. Goldberg